UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN HILLS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No.  22-289 (MCA)<br><br><br>MEMORANDUM & ORDER |

*Pro se* Petitioner Sean Hills, a federal prisoner confined at FCI Allenwood, seeks default judgment (ECF No. 6) on his motion to vacate, which he brings pursuant 28 U.S.C. § 2255 ("§ 2255 motion"). For the reasons explained below, the Court denies the motion for default judgment (ECF No. 6) and directs the government to answer the § 2255 motion within 45 days.

The Court previously provided Petitioner with a *Miller* notice, pursuant to *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999), and directed him to inform the Court as to whether he wished to have his § 2255 motion ruled on as filed or wished to submit an amended motion. *See* ECF No. 2.  The Court also directed Petitioner to submit his memorandum of law referred to in his § 2255 motion. *Id.*  Petitioner subsequently submitted the memorandum of law in support of his § 2255 motion, ECF No. 3, but he did not respond to the *Miller* notice.  The Court therefore construed the § 2255 motion and memorandum of law, ECF Nos. 1, 3, as Petitioner's all-inclusive motion for relief and directed the government to file its answer.  ECF No. 5.

The government did not file its answer within the time provided, and Hills filed a motion for default judgment.  ECF No. 6.  The government opposes the motion for default judgment and requests an extension of time to submit its answer.  ECF No. 8.  The government acknowledges

its responsibility for failing to file the answer and explains that this matter was not immediately reassigned after the U.S. attorney assigned to the case left the office. *Id.* at 2-4.

For the reasons explained below, the Court finds that Petitioner is not entitled to a default judgment. From the outset, an entry of default by the clerk is a prerequisite to a default judgment. *See* Fed. R. Civ. P. 55(a); *Kaetz v. United States*, Civil No. 22-1003 (KM), 2022 WL 14844131, at *4 (D.N.J. Oct. 25, 2022). Here, Petitioner did not seek entry of default prior to filing his default judgment, and, thus, his motion for default judgment is premature.

Moreover, "the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63). A court considering entry of a default judgment must exercise its discretion in light of three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Petitioner does not address these factors and bases his motion for default judgment solely on the government's failure to file a timely answer to his § 2255 motion. The Third Circuit has

held, however, that the government's failure to respond to a § 2255 motion does not entitle the petitioner to a default judgment. *See, e.g.*, *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) (not precedential) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment.") (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)); *see also Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016) ("[d]efault judgment is inapplicable in the habeas context."), certificate of appealability denied *sub nom. Riley v. Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017). This is so because "'[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer by hearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.'" *United States v. Dill*, 555 F. Supp.2d 514, 521 (E.D. Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984)). Because entry of default is inappropriate in habeas cases where the government simply fails to file a timely answer, the Court denies Petitioner's motion for default judgment.

At this time, the Court also grants the government's extension request and directs the government to file the answer to Hill's motion (ECF Nos. 1, 3) within 45 days.

**IT IS, THEREFORE**, on this 29th day of December 2023,

**ORDERED** that Petitioner's motion for a default judgment (ECF No. 6) is DENIED for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that the government's extension request is GRANTED (ECF No. 8); Respondent shall file a full and complete answer to the Motion (ECF Nos. 1, 3) within 45 days of the entry of this Order; and it is further

**ORDERED** that Respondent shall raise by way of its answer any appropriate defenses

that it wishes to have the Court consider, including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that the answer shall be accompanied by certified copies of all notices, opinions, documents, transcripts or recordings of any proceedings, including all documentation that may be material to the questions raised in the Motion; however, in lieu of providing certified copies, the Government may cite to the criminal docket by referencing the ECF docket entry number and the page; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Motion within 45 days after the answer is filed; and it is further

**ORDERED** that the Clerk shall send a copy of this Order to Petitioner at the address on file.

_____
Hon. Madeline Cox Arleo
United States District Judge